# FOERTSCH v. GERMUILLER.

PRACTICE; CONTINUANCE; EVIDENCE; MARRIED WOMEN; SEPA-
    RATE ESTATE; AGENCY; JUDGMENT; EXECUTION; APPEL-
    LATE PRACTICE.

1. The action of a trial court upon an application for continuance
    of a cause is not reviewable in an appellate court save where
    a clear abuse of discretion is made to appear.
2. The common law rule making husband and wife incompetent to
    testify for or against each other except in suits between them,
    or in criminal cases where one is prosecuted for injury to the
    other, has not been abrogated by Sections 876 and 877, R. S.
    D. C.
3. A contract executed by a husband alone for the erection of a house
    on his wife's separate estate, reciting that the work was to
    be done under the supervision and according to the plans and
    specifications prepared by an architect, is admissible in evi-
    dence in a suit against the wife by the architect to recover for
    his services commissions on the total cost of the house, to
    corroborate plaintiff's testimony as to an oral contract by
    the husband with the wife's assent on which he sues, and to
    show the cost price upon which his commission was to be
    estimated.
4. In an action against a married woman on a contract having refer-
    ence to her separate estate, the material allegation in the
    declaration is that she was seized of the property as her sepa-
    rate estate under the statute; an allegation as to chain of title
    by which she was so seized and possessed is immaterial, and
    proof by plaintiff of a different chain of title will not consti-
    tute a material variance.
5. Where a contract to pay for services in the preparation of plans
    and specifications for the erection of houses on her separate
    estate is made by the husband in the presence of the wife with-
    out dissent on her part, and she subsequently allows him to
    borrow money on the property for the purpose of the build-
    ings, he will be presumed to have acted as her agent in mak-
    ing the contract.
6. A judgment against a married woman on a contract having refer-
    ence to her separate estate, should restrict the award of exe-
    cution to her sole and separate estate acquired and held under

the statute (R. S. D. C., Sec. 727); and a general personal judgment against her is incorrect in form.

7. Where, however, the defect in the form of such a judgment is not called to the attention of the court below, such defect will not be ground for reversal by the appellate court, but the judgment will be so modified as to express the necessary limitation of the award of execution, and, as modified, affirmed.

No. 579.  Submitted October 14, 1896.  Decided November 3, 1896.

HEARING on an appeal by defendant from a judgment on verdict in an action against a married woman on a contract having relation to her statutory separate estate. *Modified and affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. J. J. Waters,* for the appellant:

1. By Secs. 876 and 877, R. S. D. C., all interested persons, parties or not, except in the cases stated in Sec. 877, are made competent or compellable to testify.  The sections are broader than Sec. 858, R. S. U. S.  Mr. Foertsch being the actual contracting party, was interested in the result, and while inadmissible at common law, was competent and compellable under our statute, and had no "confidential communications" to disclose (Sec. 877), or which his wife, the defendant, could not release him from, and she had even a right to compel his attendance and testimony.

Our ground for the competency of the husband is excepted from decision in *Holtzman* v. *Wagner,* 5 Mack. 15; was not touched in *Lucas* v. *Brooks,* 18 Wall. 436, which was under statutes different from ours; and is sustained by some of the reasoning in *Beale* v. *Brown,* 6 Mack. 574, where the wife was allowed to testify for herself.

The words of the Sections 876 and 877, R. S. D. C., must be construed according to their natural meaning, which is the rule of construction put against married women in *Rich* v. *Hyatt,* 3 Mackey, 536, and in *Keyser* v. *Hitz,* 133 U. S. 138, on another statute.  See rule in 3 H. & McH. 380.

2. There must be some sufficient proof of agency before a person can be held bound, and authority must be equal to the act done. There is no presumption of law that the husband is the agent of his wife, but such must be shown by proper evidence, which was not done in this case. *Brooke* v. *Barnes*, 1 Mack. 5. Simply "acting" as the agent of another, or doing favors, does not constitute agency. The party to be charged must give proper authority, or appearance of authority, so as to estop such party, and such be known to the claiming party, for such party to sustain his claim. *Brooke* v. *Barnes, supra; McDonnell* v. *Branch Bank*, 20 Ala. 313, 314.

The relation of agency is not one of tort, but of contract, and Mr. Foertsch must have contracted with his wife in order to be agent for her. But husband and wife cannot contract together at law. *McCormick* v. *Hammersley*, I App. D. C. 313.

3. The plaintiff's proof as to Mrs. Foertsch's separate estate was in direct variance from his declaration, and, of course, did not support it. Having alleged the mode of acquiring the property, which was necessary under Sec. 727, R. S. D. C., and identified the property with full precision, plaintiff was bound to prove the title and mode of acquisition as laid.

4. The jurisdiction of the courts of this District to entertain suits, enter judgments and award executions against married women on contracts, is limited by statute, and where they exceed such jurisdiction, the proceedings are void. So the judgment and award of execution in this case are void. Sections 727 to 730, R. S. D. C.; *Elliott* v. *Peirsal*, 1 Pet. 328; *Windsor* v. *McVeigh*, 93 U. S. 274; *United States* v. *Walker*, 109 U. S. 258.

The judgment and award of execution against Mrs. Foertsch, being in common law lorm, as by Rule 67 of the court below, is void, being on an alleged contract. *Bank* v.

*Partee*, 99 U. S. 325; *Mallett* v. *Parham*, 52 Miss. 921; *Offutt* v. *Dangler*, 5 Mack. 313; *Jackson* v. *Hulse*, 6 Mackey, 548; *Griffith* v. *Clarke*, 18 Md. 457; *Magruder* v. *Belt*, 7 App. D. C. 303.

Our questions, being jurisdictional, can be raised in an appellate or other court originally, and at any time. Yet the right of this court to review the judgment complained of arises from the error being in the judgment itself, a position in which the judgment had at common law to be corrected by a writ of error, which is included in an appeal to this court. *Bronson* v. *Schulter*, 104 U. S. 416; *Wiscart* v. *Dauchy*, 3 Dallas, 321.

The judgment against a married woman should conform to the declaration filed by plaintiff, otherwise it is void, as we claim it is for failure to conform in this case against Mrs. Foertsch. *Galpin* v. *Page*, 18 Wall. 350; *Cox* v. *United States*, 6 Peters, 172; *Pinchin* v. *Fry*, 1 Dallas, 405.

Mrs. Foertsch was sued in a special capacity, as married women have to be in this District, and the judgment should have conformed to such capacity, and not doing so, it is void. This is shown by suing copartners, executors and the like, in their special capacities, and yet taking a judgment against such personally, which is fatally defective. *Smith, Exr.*, v. *Chapman*, 93 U. S. 416; *Siglar* v. *Haywood*, 8 Wheaton, 675.

*Mr. James W. Greer* for the appellee:

1. The husband of the defendant was not a competent witness for her behalf. It is the general rule of law that neither husband nor wife can be witnesses for or against each other. Starkie on Evidence, p. 39. Nor can a husband be a witness either for or against his wife in a suit concerning her separate estate. *Williamson* v. *Morton*, 2 Md. Chan. 94. And this rule is founded, not on the ground of interest, but policy. *Lucas* v. *Brooks*, 18 Wall. 453; *Beale* v. *Brown*, 6 Mackey, 576, 577.

The Evidence Act (Sections 876, 877, Revised Statutes of the United States relating to the District of Columbia) simply relieves the particular disabilities enumerated, that the party called is interested, or a party, but the disability arising because she is called to testify for or against her husband (except in particular cases) remains. *Clark* v. *Krause,* 2 Mackey, 572 ; *Burdette* v. *Burdette, Id.* 469.

2. A married woman is bound by a contract which her husband has entered into on her behalf for improvements upon her separate estate, he having acted as her agent, and with her knowledge and consent, and she having accepted the benefits resulting from its performance. *Shaeffer* v. *Lehman,* 2 MacA. 305. Not only was the husband acting with the full knowledge and consent of the wife in this regard ; but conceding that he had entered into the contract with the plaintiff, unknown to her, she ratified his acts. She paid part of the plaintiff's compensation by her individual checks. The builders were paid in full presumably from the money borrowed by the defendant for that purpose, and she accepted the houses when finished, and has enjoyed the rents and profits since that time.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. A former judgment for the appellee, Julius Germuiller, who was plaintiff below, was reversed on appeal to this court because rendered upon a defective affidavit under the Seventy-third Rule of the Supreme Court of the District. 2 App. D. C. 340. Upon a former trial the plaintiff again recovered judgment, and defendant has again appealed.

The suit is against a married woman to recover for services rendered in preparing plans, etc., for the erection of a block of houses on land that was her separate property under the statute.

2. The first assignment of error is on an exception taken to the refusal of the court to continue the case in order to secure the testimony of the defendant's husband, who was

then too ill to attend the trial. What his testimony would have been does not appear. It is well settled that the action of a trial court upon an application for continuance is not reviewable save in a case where a clear abuse of discretion is made to appear. *Bradshaw* v. *Stott*, 7 App. D. C. 276; *Goldsby* v. *United States*, 160 U. S. 70, 71. And the error might be dismissed from consideration under that rule. But as it is conceded that the trial justice overruled the application upon the ground of the husband's incompetency as a witness for his wife, the exception will be entertained.

It is contended that the common law rule, that the husband and wife cannot be received as witnesses for or against each other, except in suits between them, or in criminal cases where one is prosecuted for injury to the other, has been abrogated by certain provisions of the Revised Statutes of the District of Columbia, Secs. 876 and 877. In this view we do not concur.

Those sections had the same general purpose as the act of Congress (R. S., Sec. 858), which removed disqualifications on account of interest, and do not apply to the disqualification of husband and wife, that rests, not upon interest, but upon a distinct ground of public policy. *Lucas* v. *Brooks*, 18 Wall. 436, 453; *Clark* v. *Krause*, 2 Mackey, 559, 572; *Burdette* v. *Burdette*, 2 Mackey, 469; *Beale* v. *Brown*, 6 Mackey, 574, 576.

3. There was no error in permitting the plaintiff to offer in evidence the contract made between defendant's husband and the builders of the houses on her land, though her name was not signed thereto.

Plaintiff had testified that he had been called on to make the plans and specifications for the houses by defendant's husband, with her consent and approval; and that the same had been built according to his plans and under his supervision. He further testified that it had been agreed to pay him a certain commission on the total cost. The contract

was introduced to show by its recitals that the work was to be done according to his plans and specifications and subject to his supervision, as well as to show the cost price upon which his commission was to be estimated. Defendant's objection is vaguely stated, and seems founded on the assumption that this contract was offered to prove that which was sued upon, for she says that, not having been signed by the wife at all, it " is inconsistent with plaintiff's case."

It was, however, a mere incidental fact in the case, and, as such, relevant to the verbal contract between plaintiff and defendant, for his services in the premises, which constitutes his cause of action.

4. The next assignment of error is founded on an alleged variance between certain allegations of the declaration and the proof offered in their support. After describing the land of which defendant was seized and possessed as her separate estate by lot and block, the declaration averred that defendant acquired the same " otherwise than by gift or conveyance from her husband, *to wit,* by devise under the will of Mary A. Fearson and by deed from William F. Mattingly, trustee, to her by her present name, Mary J. Foertsch." Having been called as a witness, she said that she inherited the property from her uncle, Joseph N. Fearson. The objection was raised on a motion by the defendant for an instruction to the jury to return a verdict for her.

The material allegation in the declaration is that the defendant was seized and possessed of the property as her separate estate under the statute. The chain of title by which she was so seized and possessed was an immaterial allegation that could hardly have been traversed even had it not been alleged under a *videlicet.* 28 Am. & Eng. Encyc. L., p. 452. Consequently there was no error in refusing the instruction on that ground.

5. Several assignments of error, touching objections to the charge given the jury, have been argued, one of which only will be considered, because the others have no foundation in

the bill of exceptions. It appears therefrom that the court gave the three special instructions that were prayed by the defendant, though they are not set out.

The plaintiff's evidence tended to show that he had first prepared plans for four houses at the request of defendant and her husband. She did not like them and he made another set; that he made the contract for his charges with defendant's husband in the presence of defendant; that he had been paid in part for his services, and that one payment had been made in a check signed by defendant, though most of them had been signed by her husband. Defendant, testifying on her own behalf, in support of a plea alleging improper construction, &c., said that $25,000 had been borrowed to build the houses for which she had given her notes secured by trust deed on her said land; and that the money had been deposited in bank to the credit of her husband who drew on it. She did not contradict the evidence of the plaintiff.

In the course of the general charge, the court gave the following, which was excepted to: "It was not necessary for her to say she would pay plaintiff. If she did not dissent to the contract made in her presence with her husband, the jury could infer it was made with him as her agent. If she allowed her husband to borrow money on her property to build with thereon, the presumption is he would be acting as her agent and so made the contract with plaintiff, and the defendant would be bound thereby." The court then added the following: "But this presumption was a rebuttable presumption. If defendant's husband was acting on his own responsibility, and not with defendant's consent, his contract would not be binding on her." This charge was as favorable to the defendant as she could, with reason, have expected, and contains no error. *Schaeffer* v. *Lehman,* 2 MacA. 305.

6. The judgment entered on the verdict, after motions for new trial and in arrest had been overruled, is incorrect in

form, in that it is a general personal judgment against defendant, as if she were an unmarried woman. The award of execution, instead of being general, should have been against her sole and separate estate so acquired and held under the statute regulating the rights of married women. R. S. D. C., Sec. 727, 730 ; *Magruder* v. *Belt*, 7 App. D. C 303 ; *Bank* v. *Partee*, 99 U. S. 325, 330.

This error in the judgment was not raised under the motion in arrest that preceded the entry ; and should have been called to the attention of the court by motion to amend. Had that been done, no doubt the correction would have been made and defendant would not have been put to an appeal on that account.

We cannot agree that the judgment was void for want of the formal limitation in the award of execution, or that, presented in the way it has been, the error is sufficient to require a reversal with costs.

The judgment will therefore be modified so as to express the necessary limitation of execution, and, as so modified, affirmed, with costs to the appellee. The cause will be remanded to the court below that the judgment may be so modified and amended. It is so ordered.

*Modified and affirmed.*